IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE DISTRICT OF SOUTH CAROLINA
FLORENCE DIVISION

| | |
|---|---|
| THURSTON M. BOLTON, | ) Civil Action No. 4:09-843-HMH-TER |
| Plaintiff, | ) |
| v. | ) REPORT AND RECOMMENDATION |
| AL CANNON, SHERIFF CHARLESTON COUNTY, | ) |
| Defendant. | ) |

## I. PROCEDURAL BACKGROUND

The plaintiff, Thurston M. Bolton, filed this action under 42 U.S.C. § 1983[1] on April 6, 2009, alleging violations of his constitutional rights. During the time of the matters alleged in his complaint, plaintiff was housed at the Charleston County Detention Center (CCDC) as a pretrial detainee. Plaintiff is currently incarcerated at the Kirkland Correctional Institution based on the last change of address filed with the court. (Doc. # 39). Defendant Al Cannon is/was the Sheriff of Charleston County at the time of the allegations in the complaint. Defendant filed a motion for summary judgment on July 17, 2009, along with a memorandum, affidavit, and exhibits in support of said motion. (Doc. #26). Because plaintiff is proceeding pro se, he was advised on or about July 20, 2009, pursuant to Roseboro v. Garrison, 528 F.2d 309 (4th Cir. 1975), that a failure to respond to the defendant's motion for summary judgment could result in the dismissal of his complaint. The

---

[1] All pretrial proceedings in this case were referred to the undersigned pursuant to the provisions of 28 U.S.C. § 636(b)(1)(A) and (B) and Local Rule 73.02(B)(2)(d),DSC. Because this is a dispositive motion, the report and recommendation is entered for review by the District Judge.

plaintiff filed a motion to strike defendant's motion for summary judgment and filed a motion for summary judgment on August 19, 2009. (Docs.#35 and 36).

## II. DISCUSSION

### A. ARGUMENT OF PARTIES/ FACTUAL ALLEGATIONS

The plaintiff alleges that his constitutional rights have been violated due to conditions of confinement while housed at the CCDC. Specifically, plaintiff alleges he was subjected to unsanitary prison conditions, overcrowding, unsanitary food trays and eating utensils, insufficient security, unsafe conditions, dirty clothes, unmonitored telephone system, and lack of law library while being held at the CCDC. Plaintiff seeks actual and punitive damages.

### B. STANDARD FOR SUMMARY JUDGMENT

As previously stated, defendant and plaintiff have filed motions for summary judgment.

A federal court must liberally construe pleadings filed by pro se litigants, to allow them to fully develop potentially meritorious cases. See Cruz v. Beto, 405 U.S. 319 (1972), and Haines v. Kerner, 404 U.S. 519 (1972). In considering a motion for summary judgment, the court's function is not to decide issues of fact, but to decide whether there is an issue of fact to be tried. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleadings to allege facts which set forth a federal claim, Weller v. Department of Social Services, 901 F.2d 387 (4th Cir. 1990), nor can the court assume the existence of a genuine issue of material fact where none exists. If none can be shown, the motion should be granted. Fed. R. Civ. P. 56(c). The movant has the burden of proving that a judgment on the pleadings is appropriate. Once the moving party makes this showing, however, the opposing party must respond to the motion with

2

"specific facts showing that there is a genuine issue for trial." The opposing party may not rest on the mere assertions contained in the pleadings. Fed. R. Civ. P. 56(e) and Celotex v. Catrett, 477 U.S. 317 (1986).

The Federal Rules of Civil Procedure encourage the entry of summary judgment where both parties have had ample opportunity to explore the merits of their cases and examination of the case makes it clear that one party has failed to establish the existence of an essential element in the case, on which that party will bear the burden of proof at trial. See Fed. R. Civ. P. 56(c). Where the movant can show a complete failure of proof concerning an essential element of the non-moving party's case, all other facts become immaterial because there can be "no genuine issue of material fact." In the Celotex case, the court held that defendants were "entitled to judgment as a matter of law" under Rule 56(c) because the plaintiff failed to make a sufficient showing on essential elements of his case with respect to which he has the burden of proof. Celotex, 477 U.S. at 322-323.

### C. LEGAL ANALYSIS APPLICABLE TO PRETRIAL DETAINEES

Allegations of deprivations regarding pretrial detainees are considered under the due process clause of the Fourteenth Amendment instead of the cruel and unusual punishment clause of the Eighth Amendment. Cooper v. Dyke, 814 F.2d 941 (4th Cir. 1987). The rationale for this distinction was explained in Ingraham v. Wright, 430 U.S. 651 (1977) at 671-72:

> Eighth Amendment scrutiny is appropriate only after the State has complied with the constitutional guarantees traditionally associated with criminal prosecutions . . . the State does not acquire the power to punish with which the Eighth Amendment is concerned until after it has secured a formal adjudication of guilt in accordance with the due process of law. Where the State seeks to impose punishment without such an adjudication, the pertinent constitutional guarantee is the Due Process Clause of the Fourteenth Amendment (citations omitted).

3

A pretrial detainee may not be punished. An inmate serving a custodial sentence may be punished so long as the punishment is not "cruel and unusual." Bell v. Wolfish, 441 U.S. 520 (1979). Using the standard set out in that case, a condition must be evaluated on whether or not it was implemented to "punish" the detainee before he was convicted of any crime. Balanced against that concern, however, is the legitimate security concerns of housing a number of persons prior to their trials. If a restriction is imposed for a legitimate, non-punitive purpose, is not excessive to meet its goal, and was not imposed simply to punish the inhabitants of a facility, it will be upheld. Bell, 441 U.S. at 538.

Since the plaintiff is proceeding pro se, this court is required to treat his filings and pleadings with some degree of liberality. Estelle v. Gamble, 429 U.S. 97 (1976); Hughes v. Rowe, 449 U.S. 9 (1980) (per curiam). *Pro se* pleadings are held to a less stringent standard than those drafted by attorneys. Hughes v. Rowe, 449 U.S. 5, 66 L.Ed.2d 163, 101 S.Ct. 173 (1980)(per curiam). However, plaintiff is cautioned that the court may not rewrite his pleadings; Barnett v. Hargett, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct defendant's legal arguments for him, Small v. Endicott, 998 F.2d 411, 417-418 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court. Beaudett v. City of Hampton, 775 F.2d 1274, 1278 (4th Cir. 1985), cert. denied, 475 U.S. 1088 (1986). Further, while the court should afford a *pro se* litigant every reasonable opportunity to construct and present his side, the court cannot act as counsel for the *pro se* litigant or excuse a failure to comply with the rules of this court.

### D. EXHAUSTION OF ADMINISTRATIVE REMEDIES

Defendant has pleaded the affirmative defense of failure to comply with the PLRA's

exhaustion requirement and has moved for summary judgment on that basis as well as on the merits of the allegations. Defendant submitted the affidavit of Michael Tice ("Tice"), Lieutenant of Security at the CCDC, who attests that his duties include supervision of the detention center and the inmates therein, compliance with all the rules and regulations, assisting the teams with inspecting the facility and monitoring compliance with CCDC's minimum standards for detention facilities. (Tice affidavit). The personnel files of inmates are maintained by the records department and Tice has operational inspection and review control and custody of said records. (Id.). There is an established Grievance Procedure at the CCDC which is available to all inmates confined to the CCDC. (Id.). The documents attached to his affidavit are a true and correct copy of the documents in plaintiff's personnel file maintained by him at the CCDC. (Id.). The Inmate Rules were reviewed and explained to plaintiff and he received a copy of the CCDC-Inmate Rules and agreed to abide by same. (Id.). Tice made a diligent search and examination of the personnel file of plaintiff who was booked into the CCDC on March 22, 2008, and found that his filed contains no Inmate Request forms and no Grievances. (Id.). Tice attests that there are three Prison Health Services, Inc., Sick Call Requests in plaintiff's file as follows: 10-13-08 for hemorrhoids, 11-30-08 for feet fungus, and 12-15-08 for a pulled muscle in his back and foot problems which are attached to the affidavit as Exhibit B1-3. (Id.). These Sick Call Request forms indicate plaintiff was aware of the procedure for obtaining medical assistance and availed himself of the procedure to obtain the same. (Id.). Based on the records, plaintiff asked for medical assistance 3 times and each time those needs were responded to according to CCDC rules and guidelines. (Id.). Based on plaintiff's personnel file, he did not file or submit any Grievances or Inmate Request forms under the CCDC's Grievance procedure. Further, Tice attests that during plaintiff's confinement at CCDC, plaintiff's file reflects "no other complaints

not previously referenced above regarding unsanitary prison conditions, overcrowding, unsanitary food trays and eating utensils, insufficient security, unsafe conditions, dirty clothes, unmonitored telephone system, or lack of law library or any other allegations in Plaintiff Thurston M. Bolton's Statement of Claim." (Id.).

A review of the complaint form reveals that plaintiff checked that there was a grievance procedure at the CCDC and checked that he did not file a grievance concerning the claims he was raising in this matter. (Complaint). Plaintiff stated that "he talked to detention staff and was told that the conditions were normal for detention centers." (Id.). Plaintiff filed a motion to strike the motion for summary judgment and a motion for summary judgment. In the motion to strike defendant's motion for summary judgment, plaintiff asserted that he filed a grievance on July 5, 2009, which plaintiff asserts raised issues that were raised in this action. (See plaintiff's exhibit D, Doc. #35). Plaintiff asserts that Tice's affidavit was sworn to on July 17, 2009, after he filed his grievance, thus, giving false information. (See Doc. #35, p. 2-3, and Exhibit D).

The Prison Litigation Reform Act ("PLRA") requires that a prisoner[2] exhaust the available administrative remedies before filing a 1983 action concerning conditions of his confinement. 42 U.S.C. 1997e(a). In enacting the PLRA, Congress carved out an exception to the general rule that exhaustion of state remedies is not a prerequisite to filing a civil rights suit. The PLRA amended section 1997e so that it now provides, "No action shall be brought with respect to prison conditions under section 1983 of this title, or any other Federal law, by a prisoner confined in any jail, prison,

---

[2] A "prisoner", is defined to mean, "any person incarcerated or detained in any facility who is accused of, convicted of, sentenced for, or adjudicated delinquent for, violations of criminal law." § 1997e(h). Thus, exhaustion of administrative remedies is also required of pretrial detainees such as the plaintiff here. See also Bunch v. Nash, 2009 WL 329884, at 4, n.2 (D.S.C. February 10, 2009); Tate v. Anderson 2007 WL 28982 at 4 (D.S.C. January 3, 2007).

6

or other correctional facility until such administrative remedies as are available are exhausted." Id. § 1997e(a). Accordingly, before plaintiff may proceed with his claims in this Court, he must first exhaust his administrative remedies available through the SCDC grievance process. The United States Supreme Court has held that "Congress has mandated exhaustion clearly enough, regardless of the relief offered through administrative procedures." Booth v. Churner, 532 U.S. 731, 741 (2001); *see* Porter v. Nussle, 534 U.S. 516 (2002); Jones v. Smith, 266 F.3d 399 (6th Cir. 2001)(exhaustion required even though plaintiff claimed futility); Larkin v. Galloway, 266 F.3d 718 (7th Cir. 2001)(exhaustion required even though plaintiff claimed he was afraid); *see also* Claybrooks v. Newsome, 2001 WL 1089548 (4th Cir., September 18, 2001)(unpublished opinion)(applying Booth v. Churner to affirm district court's denial of relief to plaintiff). A failure to exhaust all levels of administrative review is not "proper exhaustion" and will bar actions filed by inmates under any federal law, including §1983. Woodford v. Ngo, 548 U.S. 81, 126 S.Ct. 2378, 2386 (2006).

Based on plaintiff's motion to strike defendant's motion for summary judgment, plaintiff did in fact file a grievance form on July 5, 2009, which was four months after the filing of his complaint in this action. Additionally, the response on the grievance form indicates plaintiff was told that there were "to[sic] many grievances on 1 form please rewrite this putting 1 grievance per form and resubmit so that it can be addressed by the proper staff supervisor." (Plaintiff's exhibit D attached to Doc. #35). However, plaintiff has not alleged or shown that he complied and resubmitted the grievance form as instructed. Thus, plaintiff has failed to show that he has exhausted his administrative remedies. Based on the evidence presented, it is recommended that defendant's (document #26) motion for summary judgment be granted for failure to exhaust administrative

7

remedies.[3]

### III. CONCLUSION

Based on the above reasoning, it is RECOMMENDED that Defendant Cannon's motion for summary judgment (document #26) be GRANTED and this claim dismissed.

It is FURTHER RECOMMENDED that plaintiff's motion for summary judgment be denied and all other outstanding motions be deemed MOOT.[4]

---

[3] In the alternative, it is recommended that this complaint be dismissed in that plaintiff has failed to allege and/or show that he suffered any physical injury as a result of his allegations. At most his injuries were de minimis. To survive summary judgment, the plaintiff must show more than de minimis pain or injury. Strickler v. Waters, 989 F.2d 1375, 1379 (4th Cir., cert. denied, 510 U.S.949 (1993)). The plaintiff must produce evidence of serious or significant physical or emotional injury resulting from challenged conditions to withstand summary judgment on prison conditions claim. Id. at 1380-1381. Plaintiff has failed to meet this burden.

Additionally, plaintiff has failed to show that the named defendant had any personal contact with the plaintiff or had knowledge of the alleged improper conditions. Plaintiff did not state in the complaint any actions that Sheriff Cannon took or engaged in that violated his constitutional rights. Thus, it appears plaintiff named defendant as he is charged with running the county jail. However, under the doctrine of respondeat superior, an employer or supervisor is not liable for the acts of their employees, absent an official policy or custom which results in illegal action. See Monell v. Department of Social Services, 436 U.S. 658, 694 (1978) and Fisher v. Washington Metro Area Transit Authority, 690 F. 2d 1133, 1142-43 (4th Cir. 1982). The employer or supervisor may only be held liable if the plaintiff can show that they had actual knowledge of the specific danger, but were deliberately indifferent to the plaintiff's needs despite their knowledge of this danger, Slakan v. Porter, 737 F. 2d 368 (4th Cir. 1984).
Plaintiff has failed to meet this burden. Accordingly, this action should be dismissed against defendant Sheriff Al Cannon.

[4] Subsequent to the filing of defendant's motion for summary judgment, plaintiff filed a motion to amend his complaint to name two additional defendants and additional allegations. One of the defendants plaintiff sought to add was an employee of the CCDC and the other the "Solicitor Ninth Judicial Circuit." (Doc. #30). Because the resolution of the summary judgment may moot the plaintiff's motion to amend, the motion to amend the complaint was not ruled upon until ruling upon the motion for summary judgment.

As stated, one of the proposed additional defendants was/is an employee of the CCDC who plaintiff asserts is responsible for the daily operations and living conditions at the CCDC. Based on the foregoing, the court concludes the defendant is entitled to summary judgment for failure to exhaust. Thus, this would also apply to the proposed additional defendant who is employed at the CCDC. Additionally, the solicitor would be entitled to immunity. Therefore,

8

                                             Respectfully Submitted,

                                             s/Thomas E. Rogers, III
                                             Thomas E. Rogers, III
                                             United States Magistrate Judge

October 21, 2009
Florence, South Carolina

       **The parties' attention is directed to the important notice on the next page.**

---

plaintiff's motion to amend the complaint would be futile. Schurz v. Schriro, 2006 W L 89933 (D.Ariz.2006) (holding if proposed claims fail as matter of law, amendment should be denied as futile). *See also* Sartori v. Angelone, 2001 WL 34810314 (E.D.Va.2001).